# Richmond

## John F. Kullgren, Et Al. v. Frank Sleeter, Et Al.

March 6, 1961.

Record No. 5203.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Elijah B. White* (*Richard E. Hill; Thomas W. diZerega*, on brief), for the appellants.

*Charles Pickett* (*Wilbur C. Hall; George M. Martin*, on brief), for the appellees.

Whittle, J., delivered the opinion of the court.

John F. Kullgren and wife filed a bill in the circuit court against Frank Sleeter, et al., praying that a declaratory judgment be entered decreeing that they are the owners in fee simple of certain lands located in Loudoun County, and that there is "no public road, right of way or easement over the same."

The bill alleged that various persons, including Sleeter, claimed that there "is a public road, easement or right of way for their

benefit, or the benefit of the land which they own, over and across the eastern end" of the Kullgren property.

The Board of Supervisors of the county was joined as a party defendant, and William H. Cravens and Marie P. Cravens, his wife, who own lands adjoining the Kullgren property, intervened in the suit and filed their answer claiming that there was a road, right of way or easement across the Kullgren property. Sleeter filed a similar answer.

The Board of Supervisors filed no answer in the suit, and after the expiration of the statutory period a decree was entered adjudging the Board and other persons joined as defendants unknown to be "in default [sic]." *

The chancellor referred the cause to a commissioner directing that he inquire and report on the issues raised by the pleadings. Seventeen witnesses testified in the case, sixteen of whom were heard *ore tenus* before the commissioner. The deposition of John Emory Lickey, an elderly gentleman, was taken and filed with the papers in the cause.

The commissioner reported "that there exists no right of way or easement, and that there is no road or way—public or private—over, across and through complainants' lands." To this report Sleeter and the Cravens excepted.

The chancellor took the case under advisement and thereafter entered a final decree wherein he adjudged, ordered and decreed "that the said exceptions be and the same hereby are sustained and the Court doth declare that the road known as the 'Kullgren Road' is a public road and has not been legally abandoned, and it is further adjudged, ordered and decreed that the relief prayed for in the motion of the complainants be and the same hereby is denied, to which action of the Court the complainants, by counsel, except."

From this decree we granted the Kullgrens an appeal.

While there are five assignments of error, the sole issue in the case, say the Kullgrens, is "Was there sufficient evidence before the Commissioner in Chancery to support his finding that the way in question was not a public road?"

It is earnestly argued that the commissioner having heard the evidence *ore tenus*, or all save one witness, his decision should be entitled to great weight.

* See Rule 2:11.

As said in *Hoffecker* v. *Hoffecker,* 200 Va. 119, 124, 104 S. E. 2d 771, 775:

"When a cause is referred to a commissioner in chancery, the chancellor does not delegate his judicial function to him. He is appointed for the purpose of assisting the chancellor and not to supplant or replace him. It is the duty of the chancellor to weigh the evidence according to correct principles of law and arrive at his own conclusions."

This is in accord with Code, § 8-250.

As we view the case, the question involved is more legal than factual, and there is ample evidence to sustain the chancellor's decision.

The map exhibits and the deeds clearly show a well-defined road leading by and through the Kullgren property. An aerial map of the situation shows that the road starts below the "Gray Place," far south of the Kullgren home, and leads in a northerly direction by and through the Kullgren property, across State Route 7 and the Snickersville Pike, continuing north to Scotland Heights. Furthermore, the deed to the Kullgren property refers to the way as "an old road."

The evidence shows that in the year 1883 the road in question (now called the Kullgren Road) was being worked under the supervision of one of the overseers of roads in Mt. Gilead District of Loudoun County. This overseer was the father of witness John Emory Lickey who was 87 years of age at the time his deposition was taken. Lickey testified that he worked this road under the supervision of his father; that he received 50¢ a day for his services, and $1 a day for his team if he used a plow; that if he used a wagon he got $1 a day for that; and that they were paid for their work by public authority.

Mr. Lickey further named the ones who worked the road; stated that the road was fenced on both sides; that it was used by the public; that mail was carried over it, and that it was used by school children.

This testimony is uncontradicted. On the contrary, it is corroborated as to the existence of the road and its general course, by the aerial map and by the many witnesses who testified on behalf of the appellees. Lickey is also corroborated by Fleet H. James who testified on behalf of the appellants.

Florence Tracy Beans, an elderly lady, recognized the road; she said she lived on it and used it from 1907 to 1912; that her father

carried mail over the road, and that it was used by the public generally.

Lutie Wilson, another elderly lady, did not know if the county worked the road but thought it did. She stated, "My two brothers used to work it, just boys, you see. They worked it, a shovel and a hoe, maybe a horse and a plow. There was a group of men that used to come every spring and work that road." She said that the boys made about 50¢ a day, and "that was the way of paying the county taxes."

The testimony of a dozen other impartial witnesses indicates that the road was used generally by the public; that it was fenced on either side and not obstructed by gates; that public traffic in carriages, on horseback, in wagons, and pedestrians used the road from 1883 to the time this suit was filed, and that motorized traffic had used the road more recently.

The commissioner apparently based his decision on a misconception of the law. He says in his report: "There is neither evidence nor record that the land comprising the roadway in question was condemned or dedicated. Further an examination of the records in the Clerk's Office of this court fails to disclose any proceeding in the old county court for the establishment of a public road in and along the said roadway."

We agree with the chancellor that Code, § 33-98 controls the issue here involved. The pertinent part of that section reads:

"When a way has been worked by road officials as a public road and is used by the public as such, proof of these facts shall be *prima facie* evidence that the same is a public road. And when a way has been regularly or periodically worked by road officials as a public road and used by the public as such continuously for a period of twenty years, proof of these facts shall be conclusive evidence that the same is a public road. * * *"

This section of the Code creates a rule of evidence under which it has been established that the road involved had been worked by road officials as a public road and that it had been used by the public as such continuously for a period of twenty years. Certainly, appellees have made out a *prima facie* case under the statute which has not been satisfactorily rebutted or explained by appellants on whom the burden of proof rested.

For the reasons stated the decree is

*Affirmed.*